**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

| | |
|---|---|
| In re:<br><br>BLACK NEWS CHANNEL, LLC,[1]<br><br>Debtor. | Case No. 4:22-bk-40087-KKS<br><br>Chapter 11 |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE DEBTOR TO REDACT CERTAIN PERSONALLY**
**IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS**
**AND INTEREST HOLDERS AND GRANTING RELATED RELIEF**

Debtor Black News Channel, LLC ("BNC" or the "Debtor"), by and through its undersigned counsel, makes this motion (the "Motion"), pursuant to sections 105(a), 107(c), 342(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 2002, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1007-1, 1007-2, 2002-1, and 9037-1 of the Local Rules for the United States Bankruptcy Court for the Northern District of Florida (the "Local Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Debtor to redact personally identifiable information for certain individual creditors and interest holders from the Debtor's Creditor Matrix and other filings in this chapter 11 case, and granting related relief. In support of this Motion, the Debtor respectfully submits the *Declaration of [Maureen Brown] in Support of Chapter 11 Petition and First Day Relief* (the "First Day Declaration"), and states:

---

[1]   The Debtor's address is 2320 Killearn Center Blvd., Building D, Tallahassee, Florida 32309. The last four digits of the Debtor's federal tax identification number are 5082.

15551318 v2

## Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Northern District of Florida, dated June 5, 2012.

2. The Debtor confirms its consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicates for the relief sought herein are sections 105(a), 107(c), 342(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007, 2002, and 9037, and Local Bankruptcy Rules 1007-1, 1007-2, 2002-1, and 9037-1.

## Background

5. On March 28, 2022, (the "Petition Date"), the Debtor filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtor sought bankruptcy protection in this Court on an emergency basis to preserve its assets and the going concern value of its business for the benefit of its creditors and other stakeholders.

6. The Debtor continues to operate its business as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed or requested in this chapter 11 case, and no committees have been appointed or designated.

7. Initially formed as a Florida limited liability company in 2004, BNC launched operations as the nation's first news channel dedicated to covering the unique perspectives, challenges and successes of Black and Brown communities in February 2020. Based in Tallahassee, Florida, BNC has state of the art news studios located in its Tallahassee headquarters facility and in Washington, DC.

8. At its peak, BNC employed more than 300 people. However, as further described in the First Day Declaration, over the past six months the Debtor's financial and operational difficulties, and resulting liquidity constraints, forced BNC to eliminate the vast majority of its workforce. Currently, the Debtor has approximately 17 full time employees, who are working tirelessly to maintain operations and preserve the value and potential of BNC and its mission.

9. On March 30, 2022, pursuant to Bankruptcy Rule 1007(a)(1) and Local Bankruptcy Rules 1007-1 and 1007-2, the Debtor uploaded to the Court's CM/ECF system a list of its creditors commonly referred to as the "creditors matrix," which included the names and addresses of its creditors (the "Creditor Matrix"). While the Creditor Matrix contains noticing information for the vast majority of the Debtor's creditors, out of an abudance of caution, a small group of individual creditors and interest holders were omitted in an effort to protect those individual's personal information from public dissemination pending the Debtor's ability to seek this relief. Subject to Court's disposition of this Motion, the Debtor will promptly update the Creditor Matrix to include the previously omitted information (insofar required by this Court) as to the previously omitted individual creditors.

## Basis for Relief

**I. Cause Exists to Redact Personally Identifiable Information for Certain Individual Creditors or Interest Holders from the Creditor Matrix and Other Filings.**

10. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Bankruptcy Rules 1007-1(B)(1), 1007-1(B)(4), and 1007-2 (collectively, the "Notice Rules") require a debtor in a chapter 11 case to file a list and formatted matrix containing the name and complete address of each creditor. Local Bankruptcy Rule 1001-1(B) provides that "[f]or cause, on motion of a party in interest or *sua sponte*, the Court may direct that one or more provisions of these rules not apply in a case, matter or proceeding."

11. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]...[a]ny means of identification . . . contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).[2] The Debtor respectfully submits that cause exists to modify the applicable Notice Rules, and authorize the Debtor to redact from the Creditor Matrix, and any subsequent paper filed with this Court in this chapter 11 case, the home addresses of the Debtor's individual creditors and interest holders, because such information could be used to, among other things, perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts.

---

[2] Bankruptcy Rule 9037 and Local Bankruptcy Rule 9037-1 similarly authorize the Court to enter orders requiring the redaction of certain personal information. *See* Fed. R. Bankr. P. 9037(d) ("For cause, the court may by order in a case under the Code . . . require redaction of additional information . . .").

12. Indeed, several courts have recently commented on the importance of authorizing the redaction of individuals' personally identifiable information to avoid any such harm. In *Pier 1 Imports*, the Bankruptcy Court for the Eastern District of Virginia overruled an objection by the U.S. Trustee to relief similar to that requested herein, reasoning that:

> [L]ooking at the overriding policy and what we're trying to do in bankruptcy cases, it is not publish this information but protect these individuals. And this is just for their protection, and I think that it makes perfectly good sense. And I wouldn't be surprised if the rule was changed some time in the future to accommodate that.

Hr'g Tr., at 47:11–16, *In re Pier 1 Imports, Inc.*, No. 20-30805 (KRH) (Bankr. E.D. Va. Mar. 16, 2020). In *In re Forever 21, Inc.*, the Bankruptcy Court for the District of Delaware also overruled a similar objection, noting that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld." Hr'g Tr., at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 20, 2019); *see also* Hr'g Tr., at 21:13-21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) ("I just think that individuals only position is to have been former employees, for example, ought not to have their home addresses listed publicly. I think that that is -- creates a possibility of abuse and so, I am going to grant the order [to seal].").

13. Here, the Debtor's full Creditor Matrix includes a small number of individual creditors, comprised primarily of former employees. Several of these employees are also former BNC on-air talent and journalists, who, as publicly recognizable figures, may be at an even greater risk of harm from public dissemination of their personal information. The Debtor submits that disclosure of these individuals' personal information would place them at an entirely unwarranted and unnecessary risk of harm, while producing no meaningful benefit for any party in interest in this chapter 11 case. At the same time, it is important that these creditors or potential creditors receive timely notice of matters and events throughout the course of this

Chapter 11 case which may impact them. Limiting public disclosure of personally identifiable information is a proper means of addressing both concerns.

14. The Debtor has already publicly filed a Creditor Matrix containing noticing information for the majority of the Debtor's creditors and, upon entry of the Proposed Order, will file a supplemental Creditor Matrix (the "Supplemental Creditor Matrix"), with the personal information of its individual creditors and interest holders redacted. The Debtor will file an unredacted version of the Supplemental Creditor Matrix under seal, and will provide a copy of the unredacted Supplemental Creditor Matrix, and any subsequent redacted filings, to the Court, the U.S. Trustee, counsel to any official committee of unsecured creditors appointed in this chapter 11 case, and such other persons as the debtor deems appropriate or the Court may later order.[3]

15. Courts have granted similar relief in other chapter 11 cases. *See, e.g., In re Gulf Coast Health Care, LLC*, No. 21-11336 (KBO) (Bankr. D. Del. Nov. 10, 2021) (authorizing debtors to redact employee home addresses from creditor matrix); *In re GTT Commc'ns, Inc.*, No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (authorizing debtors to redact employee addresses from creditor matrix and other filings); *In re Secure Home Holdings LLC*, No. 21-10745 (JKS) (Bankr. D. Del. Apr. 27, 2021) (same); *In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing debtors to file lists of customer creditors under seal); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing debtors to redact personal identification information of employees from the creditor matrix).

---

[3] Additionally, due to the size of the Debtor's creditor body, the Debtor, subject to the approval of this Court, has engaged Bankruptcy Management Solutions, Inc. d/b/a Stretto, to serve as the claims and noticing agent ("Claims Agent") for this case. In the event that the Court authorizes the Debtor to retain the Claims Agent, the Debtor will provide the Claims Agent with a copy of the unredacted Supplemental Creditor Matrix, so that the Claims Agent may effectuate service on the individual creditors and interest holders.

16. For all of the foregoing reasons, the Debtor respectfully submits that cause exists to authorize the Debtor to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information—including home addresses—of the Debtor's individual creditors and interest holders from the Creditor Matrix, and in any subsequent document filed in these chapter 11 cases.

WHEREFORE, Debtor respectfully requests the entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to redact the personally identifiable information of certain creditors and interest holders and granting related relief.

Dated: April 5, 2022

**THAMES | MARKEY**

By */s/ Richard R. Thames*
Richard R. Thames

Florida Bar Number 0718459
50 North Laura Street, Suite 1600
Jacksonville, Florida 32202
(904) 358-4000
(904) 358-4001 (Facsimile)
rrt@thamesmarkey.law

-and-

Gregory W. Werkheiser (*pro hac vice* pending)
Steven L. Walsh (*pro hac vice* pending)
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Phone: (302) 442-7010
Fax: (302) 442-7012
gwerkheiser@beneschlaw.com
swalsh@beneschlaw.com

Counsel for the Debtor

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

BLACK NEWS CHANNEL, LLC,[1]

Debtor.

Case No. 4:22-bk-40087

Chapter 11

ORDER AUTHORIZING THE DEBTOR TO REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION
FOR INDIVIDUAL CREDITORS AND INTEREST HOLDERS
AND GRANTING RELATED RELIEF [Dkt. No. ____]

This matter coming to be heard on the motion (the "Motion")[2] of the Debtor, Black News Channel, LLC (the "Debtor" or "BNC") for entry of an order (this "Order") authorizing the Debtor to redact certain personally identifiable information for the Debtor's individual creditors and interest holders and granting related relief [Docket No. ____]. A hearing on the Motion was held on _____, 2022. Upon consideration hereof, it is ORDERED:

1. The Motion is granted as set forth in this Order.

2. Pursuant to section 107(c)(1)(A) of the Bankruptcy Code and Local Bankruptcy Rule 1007-1, 1007-2 and 9037-1, the Debtor is authorized to redact the personally identifiable information, including home address information, of the Debtor's individual creditors and interest holders from the Creditor Matrix and any other subsequent filing in this chapter 11 case.

3. Pursuant to section 107(c)(1)(A) of the Bankruptcy Code and Local Bankruptcy Rule 1007-1, 1007-2 and 9037-1, the Debtor is authorized and directed to file a Supplemental Creditor Matrix with personally identifiable information of creditors who are natural persons,

---

[1] The Debtor's address is 2320 Killearn Center Blvd., Building D, Tallahassee, Florida 32309. The last four digits of the Debtor's federal tax identification number are 5082.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

15551318 v2

including their home addresses, redacted from the public docket. The Debtor shall file an unredacted version of the Supplemental Creditor Matrix under seal.

4. The Debtor shall provide an unredacted version of the Supplemental Creditor Matrix, and any other filing in this chapter 11 case in which such information is redacted, to the Court, the U.S. Trustee, counsel to any official committee appointed in this chapter 11 case, and such other persons as the debtor deems appropriate or as the Court may later order.

5. If the Court authorizes the Debtor retain the Claims Agent, the Debtor is further authorized and directed to provide an unredacted version of the Supplemental Creditor Matrix to the Claims Agent, to enable the Claims Agent to effectuate appropriate service in this chapter 11 case.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. Notwithstanding anything in the Bankruptcy Rules or the Local Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Richard R. Thames, Esq. is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within three days of entry of the Order.

[754444/2]
15551318 v2

2