UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

BLACK NEWS CHANNEL, LLC           Case No. 22-40087-KKS
                                                            Chapter 11

     Debtor.
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL
ORDERS AUTHORIZING (I) MAINTENANCE OF EXISTING
BANK ACCOUNTS, (II) CONTINUED USE OF EXISTING BUSINESS
FORMS, AND (III) PAYMENT OF RELATED PREPETITION OBLIGATIONS**

In support of her Objection (the "Objection") to the Debtor's Emergency Motion for Entry of Interim and Final Orders Authorizing (I) Maintenance of Existing Bank Accounts, (II) Continued Use of Existing Business Forms, and (III) Payment of Related Prepetition Obligations ("Cash Management Motion") (Doc. No. 42), Mary Ida Townson, the United States Trustee for Region 21 (the "United States Trustee"), by and through her undersigned counsel, states as follows:

      1.      This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

      2.      Pursuant to 28 U.S.C. § 586, the United States Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the United States Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.[1]

---

[1] *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.)*, 33 F.3d 294, 295-96 (3d Cir.

3.  Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

## BACKGROUND

4.  On March 28, 2022, (the "Petition Date"), Black News Channel, LLC ("Debtor") commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq.

5.  An official committee of creditors has not yet been appointed in this case.

6.  The Debtor has continued in possession of its properties and have continued to operate and maintain their business as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.  Concurrently with the Cash Management Motion, the Debtor has filed certain other motions and applications seeking certain "first day" relief on an emergent basis, including a motion seeking authority to limit notice of all "first day" motions and certain other types of filings in this case.

## ARGUMENT

### *Waiver of 11 U.S.C. § 345(b) Requirements*

8.  In the Cash Management Motion, the Debtor seeks to maintain its existing bank accounts, use of its existing business forms, and the continued payment of service charges and other fees, costs and expenses.

9.  The Debtor lists two accounts held at Busey Bank, three accounts at Hancock Whitney, and one account at Regions Bank.

---

1994) (noting the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

10. Of Debtor's existing pre-petition accounts, only account x8028 at Regions Bank is held at an authorized depository approved by the Office of the United States Trustee. Busey Bank and Hancock Whitney (collectively, the "Unapproved Depositories") are not approved depositories.

11. In order to be an authorized depository, a depository financial institution must agree to certain conditions. Some of the conditions include supplying the United States Trustee with monthly or quarterly bank account statements for debtor-in-possession bank accounts, and that the depository fully insures the account balances either via FDIC insurance; by posting a surety bond; or, by pledging securities for all deposits not insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States, or backed by the full faith and credit of the United States.

12. According to the Debtor's representations in the Cash Management Motion, the balance of the depository account ending in x9638 at the Unapproved Depositories exceeds the limits insured by FDIC insurance.

13. The United States Trustee does not object to a reasonable period of time to allow the Debtor to request that the Unapproved Depositories complete the application to become an approved depository for these specific accounts.

14. If the Unapproved Depositories are unable or unwilling to complete the application to become approved depositories, the United States Trustee requests that the Court require the Debtor to regularly sweep the deposits held in its accounts at the Unapproved Depositories to the account ending in x8028 or a newly opened debtor-in-possession account at Regions Bank, an approved depository.

15.     The Debtor's pre-petition bank account already held at the approved depository may simply be converted to a debtor-in-possession account without the necessity of changing the account number. To the extent that Debtor's continued operations as a debtor in possession requires additional bank accounts, the United States Trustee requests that any such additional accounts be opened at the approved depository.

16.     The United States Trustee also requests that the Court require the Debtor to attach statements for each of the Debtor's individual bank accounts, whether held at an approved or unapproved depository, to the monthly financial report submitted by the Debtor.

17.     Moreover, the United States Trustee submits that approval of the Cash Management Motion need not be granted on an emergent, "first day" basis, on inadequate notice to creditors and parties in interest, and with less than 48 hours for creditors and parties in interest to consider the Cash Management Motion, and to file responses and objections with the Court.

18.     The United States Trustee reserves the right to supplement her Objection after an opportunity to more thoroughly review the Cash Management Motion.

DATED:    April 6, 2022               Respectfully submitted,

                                      Mary Ida Townson,
                                      United States Trustee for Region 21

                                      /s/ JASON H. EGAN
                                      Jason H. Egan
                                      Office of the United States Trustee
                                      110 East Park Avenue, Suite 128
                                      Tallahassee, FL 32301
                                      850-942-1664
                                      FAX: 850-942-1669
                                      Florida Bar Number 0568351
                                      Email: jason.h.egan@usdoj.gov

/s/ CONOR J. MCLAUGHLIN
Conor J. McLaughlin
Office of the United States Trustee
110 East Park Avenue, Suite 128
Tallahassee, FL 32301
850-942-1666
FAX: 850-942-1669
Florida Bar Number 0084477
Email: conor.mclaughlin@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through CM/ECF on April 6, 2022, to all parties having appeared electronically in the instant matter.

/s/ JASON H. EGAN
Jason H. Egan