UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

BLACK NEWS CHANNEL, LLC            Case No. 22-40087-KKS
                                                   Chapter 11

          Debtor.
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S EMERGENCY MOTION FOR AUTHORITY TO PAY PRE-PETITION WAGES, PAYROLL TAXES AND BENEFITS TO EMPLOYEES, INCLUDING OFFICERS WHO ARE NOT AFFILIATES**

In support of her Objection (the "Objection") to the Debtor's Emergency Motion for Authority to Pay Pre-Petition Wages, Payroll Taxes and Benefits to Employees, Including Officers Who Are Not Affiliates ("Wage Motion"), Mary Ida Townson, the United States Trustee for Region 21 (the "U.S. Trustee"), by and through her undersigned counsel, states as follows:

**JURISDICTION**

1. This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

2. Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

## BACKGROUND

4. On March 28, 2022, (the "Petition Date"), Black News Channel, LLC ("Debtor") commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq.

5. An official committee of creditors has not yet been appointed in this case.

6. The Debtor has continued in possession of its properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Concurrently with the Wage Motion, the Debtor has filed certain other motions and applications also seeking certain "first day" relief on an emergent basis, including a motion seeking authority to limit notice of all "first day" motions and certain other types of filings in this case.

## ARGUMENT

8. The U.S. Trustee has concerns with certain aspects of the Wage Motion.

9. The Debtor states in the Wage Motion that it terminated approximately 233 employees and independent contractors before the Petition Date, on or about March 25, 2022. The Debtor now seeks to pay pre-petition wages owed to those employees and independent contractors terminated pre-petition.

10. A substantial portion of the total pre-petition wages owed, as outlined in Exhibit B attached to the Wage Motion, are owed to employees or independent contractors terminated pre-petition.

11.    Debtor approximates in the Wage Motion that the amount owed to such terminated employees is $480,996.46, not including payroll taxes.

12.    Debtor has failed to demonstrate that payment of pre-petition wages owed to former employees and independent contractors of the Debtor terminated pre-petition is necessary to avoid immediate and irreparable harm, in accordance with Bankruptcy Rule 6003.  The Debtor saw fit to terminate these employees pre-petition and has continued operations as a debtor in possession without the services of these terminated employees.

13.    The U.S. Trustee submits that payment of pre-petition wages owed to former employees and independent contractors of the Debtor who were terminated pre-petition does not preserve the going concern value of the business and maximize value to creditors and other stakeholders.  Moreover, the Debtor's stated hope to potentially rehire certain terminated employees is speculative and fails to demonstrate the need to pay pre-petition wages of *all* terminated employees.

14.    As stated in the Wage Motion, with the exception of two terminated employees, the pre-petition wages owed to employees and independent contractors of the Debtor are not in excess of the cap imposed by section 507(a)(4) of the Bankruptcy Code.  As a result, these wage claims will be afforded unsecured priority status.  There is a good probability that these creditors will be paid through a confirmed chapter 11 plan.

15.    Accordingly, payment of pre-petition wages of terminated employees on an emergency basis as requested in the Wage Motion is not necessary to avoid immediate and irreparable harm, in accordance with Bankruptcy Rule 6003.

16.    The U.S. Trustee further contends that approval of the Wage Motion in its entirety need not be granted on an emergency, "first day" basis, on inadequate notice to creditors and parties in interest, and with less than 48 hours for creditors and parties in interest to consider the

Wage Motion, and to file responses and objections with the Court.

17. The U.S. Trustee does not oppose payment of pre-petition wages of currently employed employees as well as related payroll taxes. Likewise, the U.S. Trustee does not oppose payment of pre-petition wages for employees re-hired by the Debtor that it deems necessary for its reorganization efforts. At this time the U.S. Trustee is not aware that any such re-hires have taken place.

WHEREFORE, the U.S. Trustee requests that the Court deny the Wage Motion as to payment of pre-petition wages for employees terminated pre-petition, and take such other action as the Court deems fit.

DATED: April 6, 2022

Respectfully submitted,

Mary Ida Townson,
United States Trustee for Region 21

/s/ JASON H. EGAN
Jason H. Egan
Office of the United States Trustee
110 East Park Avenue, Suite 128
Tallahassee, FL 32301
850-942-1664
FAX: 850-942-1669
Florida Bar Number 0568351
Email: jason.h.egan@usdoj.gov


/s/ CONOR J. MCLAUGHLIN
Conor J. McLaughlin
Office of the United States Trustee
110 East Park Avenue, Suite 128
Tallahassee, FL 32301
850-942-1666
FAX: 850-942-1669
Florida Bar Number 0084477
Email: conor.mclaughlin@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through CM/ECF on April 6, 2022, to all parties having appeared electronically in the instant matter.

/s/ JASON H. EGAN
Jason H. Egan