UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

BLACK NEWS CHANNEL, LLC           Case No. 22-40087-KKS
                                           Chapter 11

       Debtor.
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S
EMERGENCY MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. SECTION 105(a)
AND FED. R. BANKR. P. 2002(m) AND 9007 ESTABLISHING CASE
MANAGEMENT AND NOTICE PROCEDURES**

In support of her Objection (the "Objection") to the Debtor's Emergency Motion for Entry of an order Pursuant to 11 U.S.C. Section 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing case management and notice procedures (docket 34) (the "Notice Motion"), Mary Ida Townson, the United States Trustee for Region 21 (the "U.S. Trustee"), by and through her undersigned counsel, states as follows:

**JURISDICTION**

1.       This Court has jurisdiction to hear this Objection under 28 U.S.C. §§ 157 and 1334.

2.       Pursuant to 28 U.S.C. § 586, the U.S. Trustee is charged with the administrative oversight of cases commenced pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (noting the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest).

3. Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding, including with regard to this Objection.

## BACKGROUND

4. On March 28, 2022, (the "Petition Date"), Black News Channel, LLC ("Debtor") commenced a voluntary case under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101, et seq.

5. An official committee of creditors has not yet been appointed in this case.

6. The Debtor has continued in possession of its properties and have continued to operate and maintain their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Concurrently with the Notice Motion, the Debtor has filed certain other motions and applications also seeking certain "first day" relief on an emergency basis.

## ARGUMENT

8. The U.S. Trustee objects to Debtor's Notice Motion. Such limiting procedures are reserved for only the largest most complex cases filed in the country, including public companies with tens or hundreds of thousands of creditors and equity security holders. These large cases are often referred to as Mega cases. Avoiding the notice requirements of the Bankruptcy Code in this case is unnecessary and may have a chilling effect on equity holders, unsecured creditors, government entities, taxing authorities, and other parties in interest in this case. The Debtor is not a public company, it has, at most, four hundred creditors, and according to its list of equity security holder filed at Docket 9 there are 18 equity holders in this case.

9. In support of its motion the Debtor cites to the *In re Stein Mart, Inc., et al* (Bankr. M.D. FL) and the local rules adopted by the Bankruptcy Courts for the Southern District

of Texas and Eastern District of Virginia for "Complex Chapter 11 cases". The U.S. Trustee submits that reliance on any of these three is misplaced in the present case.

10. *In re Stein Mart, Inc., et al* was a publicly traded entity with over 5,000 creditors and there was no question it was a mega case. In that case the United States Trustee did not oppose the Debtor's motion to limit notice.

11. A case often cited dealing with limiting notice is *Hercules Offshore, Inc.* case. *See In re: Hercules Offshore, Inc., et al., Debtors.,* 2016 WL 6566452(2016). The *Hercules Offshore, Inc.* case involved a publicly traded entity that filed a pre-packaged chapter 11 case that provided for the payment, in full, of its unsecured creditors. The Debtor's stock was publicly traded on the NASDAQ and they had approximately 19,988,898 shares of stock outstanding. The Debtors' request to limit notice in that case was much narrower than the request in this case and provided for notice to governmental and taxing authorities. The present case is not a pre-pack; it is not a mega case; and it is not a publicly traded entity. Providing notice to the four hundred or so creditors, its equity security holders, and other parties required by the Bankruptcy Code in this case is not overly burdensome.

12. The United States Trustee objects to the relief requested in the motion and requests that it be denied in its entirety.

DATED:   April 6, 2022    Respectfully submitted,

Mary Ida Townson,
United States Trustee for Region 21

/s/ JASON H. EGAN
Jason H. Egan
Office of the United States Trustee
110 East Park Avenue, Suite 128
Tallahassee, FL 32301

850-942-1664
FAX: 850-942-1669
Florida Bar Number 0568351
Email: jason.h.egan@usdoj.gov


/s/ CONOR J. MCLAUGHLIN
Conor J. McLaughlin
Office of the United States Trustee
110 East Park Avenue, Suite 128
Tallahassee, FL 32301
850-942-1666
FAX: 850-942-1669
Florida Bar Number 0084477
Email: conor.mclaughlin@usdoj.gov




CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been served electronically through CM/ECF on April 6, 2022, to all parties having appeared electronically in the instant matter.

/s/ JASON H. EGAN
Jason H. Egan