**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

In re: Case No. 4:22-bk-40087-KKS

WIND DOWN TV, LLC Chapter 7
(f/k/a Black News Channel, LLC),

Debtor.
_______________________________________/

**TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN (I) SHERRY F. CHANCELLOR, AS SUCCESSOR CHAPTER 7 TRUSTEE; AND (II) ENTERTAINMENT STUDIOS NETWORKS, INC., TOGETHER WITH ITS ASSIGNEE, GREATER DISTRIBUTION, LLC**

**NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING**

Pursuant to Local Rule 2002-2, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within 21 days from the date set forth on the proof of service plus an additional three days for service if any party was served by U.S. Mail, or such other period as may be specified in Fed. R. Bankr. P. 9006(f).

If you object to the relief requested in this paper, you must file an objection or response electronically with the Clerk of the Court or by mail at 110 E. Park Avenue, Suite 100, Tallahassee, FL, 32301 and serve a copy on the movant's attorney, Brian G. Rich, Esq., Berger Singerman LLP, 313 North Monroe Street, Suite 301, Tallahassee, FL 32301, and any other appropriate person within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.

If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Successor Trustee, Sherry F. Chancellor (the "Trustee"), by and through her undersigned counsel, and pursuant to Section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves the Court for the entry of an Order in the form attached hereto as **Exhibit A**, authorizing

and approving the terms of that certain *Settlement Agreement* entered into on August 24, 2026, between the Trustee and Entertainment Studios Networks, Inc., together with its assignee, Greater Distribution LLC (collectively, the "Purchaser," and, together with the Trustee, collectively, the "Parties") (the "Settlement Agreement"), attached hereto as **Exhibit B**. In support of this Motion, the Trustee states as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are 11 U.S.C. § 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## Background

4. On March 28, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On December 21, 2022, the Court entered an *Order Granting Debtor's Amended Motion to Convert Its Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code and for Related Relief* [Doc. No. 540], thereby converting this case to a case under chapter 7 of the Bankruptcy Code, effective as of December 21, 2022.

6. On December 21, 2022, Mary W. Colón was appointed as the chapter 7 trustee of the Debtor's estate; however, on July 20, 2026, Mary W Colón was removed as chapter 7 trustee and pursuant to Title 11, United States Code, Section 107, Sherry F. Chancellor was appointed as Successor Trustee of the Debtor's estate.

7. Prior to the Debtor bankruptcy filing, the Debtor entered into that certain Asset Purchase Agreement dated June 24, 2022, between Entertainment Studios Networks, Inc. and Black News Channel, LLC (the "APA") for the sale of substantially all of the Debtor's assets. On July 20, 2022, the Court entered an order approving the sale [Doc. No. 367] (the "Sale Order"), and the sale closed thereafter.

8. Pursuant to an *Assignment and Assumption Agreement* dated July 28, 2022, Entertainment Studios Networks, Inc. assigned its rights, interests, and obligations under the APA to Greater Distribution, LLC.

9. Following the closing of the sale, the Debtor's estate collected from third-party account debtors, approximately $206,774.89 in accounts receivables attributed to the Debtor's pre-closing operations (the "Purchased A/R"), which funds have been segregated and held in a separate account by the Trustee.

10. On May 15, 2026, the undersigned counsel sent a letter to the Purchaser's counsel asserting that the Purchaser waived any entitlement to the Purchased A/R and that the Purchased A/R constitutes property of the Chapter 7 estate to be administered for the benefit of the Debtor's creditors. Counsel for the Purchaser objected to this conclusion.

## Relief Requested and Basis Therefor

11. The Trustee and her undersigned counsel have been investigating this matter and, in an effort to avoid the expense, delay, and uncertainty of litigation, the Parties have engaged in arm's length settlement negotiations and have entered into the Settlement Agreement, which resolves all disputes between the Parties relating to the Purchased A/R, and which is subject to the approval of this Court.

12. The significant terms of the Settlement Agreement[1] are set forth as follows:

A. Settlement Payment: In full and final settlement of all claims relating to the Purchased A/R, the Trustee shall return to the Purchaser a total sum of ONE HUNDRED EIGHTY-ONE THOUSAND SEVEN HUNDRED SEVENTY-FOUR DOLLARS AND EIGHTY-NINE CENTS ($181,774.89) (the "Settlement Payment") representing the $206,774.89 in Purchased A/R currently held by the estate less $25,000 to be retained by the estate ("Retained Funds"), by check or wire transfer, within ten (10) calendar days of the order approving the Settlement Agreement by the Bankruptcy Court becoming a Final Order (as such term is defined in paragraph 5 of the Settlement Agreement). The Purchaser shall have no further claims against the estate with respect to such Retained Funds.

B. Future Accounts Receivable: If the Trustee receives any additional post-closing accounts receivable attributable to the Debtor's pre-petition or pre-closing operations in the future, the Trustee shall promptly remit the same to the Purchaser, without further deduction or holdback; provided, however, that the Trustee shall have no affirmative duty to seek out, locate, or collect any such additional accounts receivable.

C. Releases: On the Effective Date (as such term is defined in paragraph 5 of the Settlement Agreement), each of the Trustee, on behalf of the Debtor and the Debtor's estate, and the Purchaser shall be deemed to have fully, finally, and forever released, relinquished, discharged, and waived any and all claims, causes of action, costs, damages, expenses, and remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which it has or may have had

[1] The following is a summary of the terms of the Settlement Agreement. The terms of the Settlement Agreement shall control, and parties are urged to review the Settlement Agreement for its complete terms.

against the other, including any claims against Debtor, the Debtor's bankruptcy estate, the Trustee, the Trustee's attorneys and accountants, the Purchaser and its affiliates, including, but not limited to any claims or causes relating to the Purchased A/R, and including any claims for breach of contract, conversion, civil theft, turnover, and the Trustee's May 15, 2026, waiver position.

13. By this Motion, the Trustee respectfully requests Court approval of the Settlement Agreement.

14. Rule 9019(a) of the Bankruptcy Rules, which governs the approval of compromises and settlements, provides, in part, that: "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Bankruptcy Rule 9019(a). "It has long been the law that approval of a settlement in a bankruptcy proceeding is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval in an abuse of discretion". *In re Litten,* 2007 WL 2020159, at *1 (Bankr. S.D. Fla. July 5, 2007) (citing *In re Arrow Air, Inc.,* 85 B.R. 886, 890-891 (Bankr. S.D. Fla. 1988)).

15. The United States Supreme Court requires that all court-approved settlements must be "fair and equitable" before they can be approved by the court. *See Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424 (1968). To help establish whether a settlement is fair and equitable, courts located in the Eleventh Circuit look to a four-factor test identified in *Wallis v. Justice Oaks, II Ltd. (In re Justice Oaks II, Ltd.),* 898 F.2d 1544, 1549 (11th Cir. 1990), including: (i) the probability of success in litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id.*

16. It is not necessary for a bankruptcy court to explicitly consider all four *Justice Oaks'* factors when approving a proposed settlement. *Chira v. Saal et al. (In re Chira),* 567 F.3d 1307, 1313 (11th Cir. 2009) (affirming bankruptcy court's approval of settlement agreement where bankruptcy court explicitly evaluated only two of the four *Justice Oaks* factors). In determining whether to approve a compromise, a bankruptcy court is not obligated to actually rule on the merits of the various claims, only the probability of succeeding on those claims or conduct a "mini trial" on the merits of the underlying cause of action. *In re Van Diepen, P.A.,* 236 F. Appx. 498, 503 (11th Cir. 2007); *U.S.* v *Alaska National Bank of the North (In the Matter of Walsh Construction, Inc.),* 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, courts consider the *Justice Oaks* factors to determine the fairness of a proposed settlement agreement. *Chira v. Saal et al. (In re Chira),* 567 F.3d 1307, 1312-1313 (11th Cir. 2009).

17. In ruling on a proposed compromise, a court should not substitute its own judgment for that of the trustee or debtor in possession. *See McMasters v. Morgan (In re Morgan),* 2011 WL 3821103, at *1 (11th Cir. Aug. 29, 2011) (affirming bankruptcy court order approving "settlement because it was the Trustee's best business judgment that the settlement be approved"); *Myers v. Martin (In re Martin),* 91 F.3d 389, 395 (3d Cir. 1996) ("under normal circumstances the court would defer to the trustee's judgment so long as there is a legitimate business justification."); *In re Purofied Down Prods. Corp.,* 150 B.R. 519, 522 (S.D.N.Y. 1993) ("The reviewing court need not conduct its own investigation concerning the reasonableness of the settlement and may credit and consider the opinion of the Trustee and counsel that the settlement is fair and equitable."). Nor is the Court's task to determine whether the settlement was the best that the trustee could have obtained. *See Cosoff v Rodman (In re W. T Grant),* 699 F.2d 599, 608, 613 (2d Cir.), *cert. denied* 464 U.S. 822, 104 S. Ct. 89, 78 L. Ed.2d 97 (1983). Rather, the Court should "canvass the issues and see whether

the settlement fall[s] below the lowest point in the range of reasonableness." *Id.* at 608; *see also In re Bell & Beckwith,* 87 B.R. 472, 474 (N.D. Ohio 1987).

18. The Settlement Agreement meets each of the criteria set forth by the courts for approving settlements and compromises.

19. Accordingly, the Trustee respectfully submits that the Settlement Agreement satisfies each of the *Justice Oaks* criteria outlined above and is fair and reasonable and in the best interest of the Debtor's estate.

20. Based on the foregoing, the Trustee respectfully requests that the Court approve the Settlement Agreement on the terms and conditions contained therein.

**WHEREFORE,** the Trustee respectfully requests entry of an Order (i) granting this Motion, (ii) approving the Settlement Agreement, in its entirety; (iii) authorizing the Trustee to take all necessary actions to implement the terms of the Settlement Agreement; and (iv) granting such other relief as is just and proper.

Dated: August 26, 2026

Respectfully submitted,

BERGER SINGERMAN LLP
*Counsel for Trustee*
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax. (850) 561-3013

By: */s/ Michael J. Niles*
Brian G. Rich
Florida Bar No. 38229
brich@bergersingerman.com
Michael J. Niles
Florida Bar No. 107203
mniles@bergersingerman.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 26, 2026, a true and correct copy of the foregoing was served by (i) electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List, (ii) first class, U.S. Mail to all creditors and interested parties on the attached matrix, to the extent that such parties were not served electronically through the Court's CM/ECF system; and (iii) first class, U.S. Mail to all parties listed below.

By: *<u>/s/ Michael J. Niles</u>*
Michael J. Niles

Entertainment Studios Networks, Inc.
Attn.: Jeffrey Mayes, EVP, Asst. General Counsel
1925 Century Park East, 10th Floor
Los Angeles, CA 90067

Greater Distribution, LLC
Attn.: Jeffrey Mayes, EVP, Asst. General Counsel
1925 Century Park East, 10th Floor
Los Angeles, CA 90067

## CM/ECF SERVICE LIST

- Robert C. Bruner rbruner@brunerwright.com, Bruner.RobertR137801@notify.bestcase.com;melanie@brunerwright.com;twright@brunerwright.com;laura@brunerwright.com;skelley@brunerwright.com;brenda@brunerwright.com;judy@brunerwright.com;nicasia@brunerwright.com;jvanh
- Sherry Chancellor sherry.chancellor@yahoo.com, FL50@ecfcbis.com
- Eric Christopher Daucher eric.daucher@nortonrosefulbright.com
- Jason H. Egan jason.h.egan@usdoj.gov
- Kameron Neil Fleming kameron.fleming@hklaw.com
- Brian Hockett bhockett@thompsoncoburn.com
- John B. Hutton huttonj@gtlaw.com, Melissa.DeLaTorre@gtlaw.com;miaecfbky@gtlaw.com;MIALitDock@gtlaw.com
- Stephanie Crane Lieb slieb@trenam.com, mmosbach@trenam.com;mwoods@trenam.com;slieb@ecf.courtdrive.com;mmosbach@ecf.courtdrive.com;mwoods@ecf.courtdrive.com;slieb@ecf.courtdrive.com
- Edward W Lyle ewlyle@west1805.com
- Sonette Magnus smagnus@thompsoncoburn.com
- Bradley R Markey brm@thamesmarkey.law, blc@thamesmarkey.law
- Conor McLaughlin conor.mclaughlin@usdoj.gov
- Justin M. Mertz jmmertz@michaelbest.com, jcalmes@michaelbest.com;courtmail@michaelbest.com
- Michael Howard Moody Michael.Moody@MichaelHMoodyLaw.com, MichaelHMoodyLawPA@jubileebk.net;Monica.Shannon@MichaelHMoodyLaw.com
- Travis Michael Morock Morock@carverdarden.com, sineiro@carverdarden.com
- Michael J Niles mniles@bergersingerman.com, efile@bergersingerman.com;rdodson@bergersingerman.com;efile@ecf.courtdrive.com
- Nicole Mariani Noel bankruptcynotices@kasslaw.com, nmnoel@ecf.courtdrive.com
- Brian G. Rich brich@bergersingerman.com, efile@bergersingerman.com;efile@ecf.courtdrive.com;rdodson@bergersingerman.com
- Robert S Rushing rushing@carverdarden.com, sineiro@carverdarden.com
- Christopher J. Schreiber cjschreiber@michaelbest.com, jcalmes@michaelbest.com;courtmail@michaelbest.com
- Michael Schuster mschuster@polsinelli.com, henningc@ballardspahr.com
- Howard Seife howard.seife@nortonrosefulbright.com
- Kyle Shaw kyle@manausalaw.com, anny@manausalaw.com;josh@manausalaw.com;miriam@manausalaw.com;chrissy@manausalaw.com
- Gavin Stewart bk@stewartlegalgroup.com
- Richard R. Thames rrt@thamesmarkey.law, srb@thamesmarkey.law;brm@thamesmarkey.law;rjs@thamesmarkey.law;keh@thamesmarkey.law
- James Timko jtimko@deanmead.com, mgodek@deanmead.com
- United States Trustee USTPRegion21.TL.ECF@usdoj.gov
- Francisco Vazquez francisco.vazquez@nortonrosefulbright.com

- Steven Walsh swalsh@beneschlaw.com, docket2@beneschlaw.com;lmolinaro@beneschlaw.com
- Joshua Walters joshua.walters@forthepeople.com
- Byron Wright twright@brunerwright.com, melanie@brunerwright.com;laura@brunerwright.com;skelley@brunerwright.com;brenda@brunerwright.com;jvanhise@brunerwright.com;Bruner.RobertR137801@notify.bestcase.com;Wright.ByronR137801@notify.bestcase.com

| | | |
|---|---|---|
| **Labels/Service List**<br>**All creditors who filed claims**<br>**January 25, 2024**<br>**(Avery 5161)** | | Bradford Capital Holdings, LP [As Assignee of JayCity Enterprise, LLC]<br>Attn: Brian L. Brager<br>P.O. Box 4353<br>Clifton NJ 07012 |
| Frantz Jean-Louis<br>154 Perry Dr.<br>North Brunswick NJ 08902 | | Derek S Gibbs<br>4222 Bruner Avenue<br>Bronx NY 10466-2006 |
| Jessica G. Sanoh<br>375 Mount Prospect Ave. Apt 4C<br>Newark NJ 07104 | | ~~Jessica G. Sanoh~~<br>~~375 Mount Prospect Ave. Apt 4C~~<br>~~Newark NJ 07104~~ |
| ~~Joshua Cobb~~<br>~~1900 Centre Pointe Blvd. Apt 214~~<br>~~Tallahassee FL 3208~~ | | Joshua Cobb<br>240 E. 5th Street<br>Apt. 208<br>Saint Paul, MN 55101 |
| Emmanuel C. Ichite<br>4122 Sonnet Dr. Apartment 914<br>Tallahassee FL 32303 | | Massachusetts Department of Revenue<br>Attn: Bankruptcy Unit<br>PO Box 7090<br>Boston MA 02204-7090 |
| Gregory Jarvis Phelps Jr<br>11505 Maple Brook Drive Apt 302<br>Louisville KY 40241 | | ~~Armon Lee~~<br>~~2350 Phillips Road Apt 5201~~<br>~~Tallahassee FL 32308~~ |
| ~~Joshua Cobb~~<br>~~1900 Centre Pointe Blvd. Apt 214~~<br>~~Tallahassee FL 3208~~ | | Timothy James Sproles<br>Tim Sproles<br>1905 Shady Oaks Drive<br>Tallahassee FL 32303 |
| Nicholas J. Franklin<br>8446 Augustwood Ln.<br>Tallahassee FL 32311 | | Tempestt Young<br>730 S. Clark Street, Apt 808<br>Chicago IL 60605-1745 |
| Olivia LaBorde<br>575 Pharr Road NE #11991<br>Atlanta GA 30355 | | Tadiwos A. Abedje<br>4123 Century Ct.<br>Alexandria VA 22312-1026 |

| | | |
|---|---|---|
| ~~Olivia LaBorde~~<br>~~575 Pharr Road NE #11991~~<br>~~Atlanta GA 30355~~ | | Charlotte Maria Wheeler<br>379 Players Circle<br>Fayetteville GA 30215 |
| Celena M. Grant<br>3057 Layla Street<br>Tallahassee FL 32303 | | Cheryl A. Collier<br>909 Brookmere Ct.<br>Atlanta GA 30349 |
| WideOrbit, LLC [WideOrbit Inc.]<br>Attn: Eric Mathewson, Margaret McCarthy,<br>Accounts Receivables<br>1160 Battery St., #300<br>San Francisco CA 94111 | | Tugce Tiryaki<br>24-49 28th Street, Apt. 32<br>Astoria, NY 11102 |
| ~~Jasmin Bryant~~<br>~~1113 Washington Ct, apt 1~~<br>~~Tallahassee FL 32303~~ | | Denise M. Royal<br>315 E. Royal Cove Cir.<br>Davie FL 33325 |
| Terrence Nelson<br>5437 Cynthia Terrace<br>Baltimore MD 21206 | | Jenyne Donaldson<br>322 Silent Bluff Dr.<br>Summerville SC 29486 |
| Lakia Atkins<br>180 Riley Ave<br>Fayetteville GA 30214 | | Anthony J. Peavie<br>15700 Lexington Blvd Apt 1615<br>Sugar Land TX 77478-4170 |
| ~~Terrence Nelson~~<br>~~5437 Cynthia Terrace~~<br>~~Baltimore MD 21206~~ | | Noni A. Nicolas<br>136 Peachtree Memorial Dr NW Apt VA2<br>Atlanta GA 30309 |
| Marcel Clarke<br>1401 Elm St Apt 2815<br>Dallas TX 75202-2911 | | Astrid Martinez<br>1939 Mt Vernon Street<br>Philadelphia PA 19130 |
| ~~Olivia LaBorde~~<br>~~575 Pharr Road NE #11991~~<br>~~Atlanta GA 30355~~ | | Shadell M. Bromell<br>2566 W Tennessee St Apt 1222<br>Tallahassee FL 32304 |

| | | |
|---|---|---|
| Talent Dynamics, LLC<br>Jina McKinney, Business Manager<br>Business Office<br>322 Dawson Rd.<br>Waxahachie TX 75167 | | Stephanie Mickle<br>1670 Springdale Drive, #11A-104<br>Camden SC 29020 |
| Ed Corr [OPX, OPX Design Consultancy,OPXglobal]<br>21 Dupont Circle, NW 2nd Floor<br>Washington DC 20036 | | ~~Michael Long~~<br>~~955 N Orlando Ave Apt 110~~<br>~~Maitland FL 32751~~<br>**MAIL RETURNED 2/20/25** |
| Maria Roach<br>3003 Zaharias Drive<br>Orlando FL 32837 | | HYC Ruiz [Henry F. Ruiz]<br>Attn: Nathalie D. Lopez, Esq.<br>1260 N. Hancock Street, Suite 104E<br>Anaheim Hills CA 92807 |
| Hartford Fire Insurance Company<br>Bankruptcy Unit, HO2-R, Home Office<br>Hartford CT 06155 | | Ricardo Oliveros<br>4205 N Pulaski Rd # 2<br>Chicago IL 60641-2331 |
| Anthony Amey<br>4113 Christacy Way<br>Marietta GA 30066 | | Christian Deon Anderson<br>9024 NW 146th St.<br>Yukon OK 73099 |
| Reginald Thomas II<br>631 E Call St Apt 107<br>Tallahassee FL 32301 | | The Bucks Corp DBA FASTSIGNS<br>[FASTSIGNS-Tallahassee]<br>Attn: Marilyn Buck<br>1920 N Monroe St<br>Tallahassee FL 32303 |
| Kevan Smith<br>11712 Aldermoor Ct<br>Crowley TX 76036-3279 | | D'Annette P. Roy<br>2814 17th St. NE<br>Washington DC 20018 |
| BeckTV Integrating Media Systems<br>[AR Beck Associates Inc; BeckTV]<br>16024 Central Commerce Dr.<br>Pflugerville TX 78660 | | The Associated Press<br>Attn: Collections<br>200 Liberty Street<br>New York NY 10281 |
| TalentTrainers<br>Attn: Shirley Brice<br>2 Holston Hills Rd.<br>Henderson NV 89052 | | ~~Michael Listorti~~<br>~~118 Marino Drive~~<br>~~Milford CT 06460~~ |

| | | |
|---|---|---|
| Michael V. Heard<br>5600 Rutland Tr.<br>Lithonia GA 30058 | | Michelle Fisher<br>3985 Gaffney Loop<br>Tallahassee FL 32303-1216 |
| Kenneth A. Williams<br>8911 Bold St.<br>Upper Marlboro MD 20774 | | Theodore D Walters<br>22922 Hillside Circle<br>Leesburg VA 20175 |
| SpringServe, Inc.<br>Credit Department<br>6080 Center Drive, 4th Floor/Suite 400<br>Los Angeles CA 90045 | | Open Communities<br>Attn: Sheryl Ring Esq<br>518 South Route 31 Suite 113<br>McHenry IL 60050 |
| Kisha Wilkinson<br>Attn: Sheryl Ring Esq<br>518 South Route 31 Suite 113<br>McHenry IL 60050 | | Kyra Branch<br>Attn: Sheryl Ring Esq<br>518 South Route 31 Suite 113<br>McHenry IL 60050 |
| Sheryl Ring, Esq.<br>c/o Sheryl Ring Law<br>518 South Route 31, Suite 113<br>McHenry IL 60050 | | Lyndsay J. Levingston<br>2323 McCue Road, #910<br>Houston, TX 77489 |
| Jinne Hassan<br>1671 Hunting Crest Way<br>Vienna VA 22182 | | Chloe A. Jones<br>3501 S Blair Stone Rd Apt 721<br>Tallahassee FL 32301 |
| Hebert Medical Consulting, Inc.<br>840 Carondelet St Suite 504<br>New Orleans LA 70130 | | Joshua Eure<br>1717 E. Capitol St. SE #445<br>Washington DC 20003 |
| OBMDI Entertainment, Inc. dba In House Music Services<br>12565 Tibbetts St.<br>Sylmar CA 91342 | | Bader Group, LLC<br>25 West 52nd Street<br>New York NY 10019 |
| Stephanie Bertini<br>253 NE 2nd St. Apt 1008<br>Miami FL 33132 | | Bradford Capital Holdings, LP [As Assignee of Wildmoka]<br>Attn: Brian L. Brager<br>P.O. Box 4353<br>Clifton NJ 07012 |

| | | |
|---|---|---|
| ~~Claudine Cleophat~~ | | Sharon Reed<br>c/o Willinger Talent Agency Inc.<br>Attn: Gregg Willinger 875 6th Avenue, #1601<br>New York NY 10001 |
| Durriyyah Abdullah<br>3372 Peachtree Rd Apt 506<br>Atlanta GA 30326 | | Jennifer Marie Johnson<br>39 Eos Rd<br>Rocky Point NY 11778 |
| Adriana Torres<br>Attn: Sheryl Ring Esq<br>518 South Route 31, Suite 113<br>McHenry IL 60050 | | Progress Partners IB, Inc.<br>Dani Esposito & Rick Gallagher<br>10 Winthrop Square, Floor 6<br>Boston MA 02110 |
| Brittany Jones<br>6133 Shakespeare Drive<br>Jacksonville FL 32244 | | Edvige Jean-Francois<br>6476 Century Park Pl.<br>Mableton GA 30126 |
| Mannheim Security Solutions LLC<br>Attn: Norman K. Rollins<br>480 Brooke Hampton Drive<br>Tallahassee FL | | Rhashii C. Demps<br>c/o Footman Law Firm, P.A.<br>1345 Cross Creek Circle<br>Tallahassee FL 32301 |
| Tempestt Young<br>730 S. Clark Street, Apt 808<br>Chicago IL 60605-1745 | | New Industry Media Group d/b/a Red Diamond Photography<br>Attn: Kenny Lewis<br>51 E. Jefferson St., #3743<br>Orlando FL 32802 |
| Doris Maloy, Leon County Tax Collector<br>PO Box 1835<br>Tallahassee FL 32302-1835 | | Vela Research, LP<br>Attn: Accounts Receivable<br>13577 Feather Sound Drive Suite 550<br>Clearwater FL 33762 |
| CDW, LLC<br>Attn: Ronelle Erickson<br>200 N Milwaukee Ave<br>Vernon Hills IL 60061 | | Brightcove Inc.<br>281 Summer Street<br>Boston MA 02210 |
| VizRT, Inc.<br>Attn: Kale Harris<br>5131 Beckwith Blvd.<br>San Antonio TX 78249 | | Madiz Texidor<br>12924 SW 133rd Ter<br>Miami FL 33186 |

| | | |
|---|---|---|
| ~~Pamela Wessmann~~<br>~~3909 O'Bryant Circle~~<br>~~Smyrna GA 30082~~ | | Holland & Knight LLP<br>Attn: Elena Day<br>524 Grand Regency Blvd.<br>Brandon FL 33510 |
| Bofta M. Yimam<br>9355 Kendal Cir.<br>Laurel, MD 28723 | | IPG DXTRA Entertainment, Inc. d/b/a<br>Rogers and Cowan PMK<br>Attn: Bill Rosenthal<br>1840 Century Park East Suite 1400<br>Los Angeles CA 90067 |
| Regional Construction Co., Inc.<br>444 N. Capitol St. NW, #721<br>Washington DC 20001 | | Star Media Enterprises, Inc.<br>Attn: Jerry Monarch<br>1080 Belcher Rd<br>Dunedin FL 34698 |
| Department of Treasury - Internal<br>Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101-7346 | | Tezlyn Figaro<br>21602 Reserve Ranch Trl<br>Richmond TX 77407 |
| Cory A. Charles<br>3422 Landen Pine Ct. NE<br>Atlanta GA 30305 | | The Nielsen Company (US), LLC<br>c/o McGuireWoods LLP<br>Attn: Alexandra Shipley & Elizabeth K Sieg<br>77 West Wacker Drive Suite 4100<br>Chicago IL 60601-1818 |
| Walden Macht & Haran LLP<br>Attn: Millie Quiroz<br>250 Vesey Street 27th Floor<br>New York NY 10281 | | CenturyLink Communications, LLC<br>(f/k/a Qwest Communications Company, LLC)<br>d/b/a Lumen Technologies Group<br>Attn: Legal-BYK 1025 El Dorado Blvd.<br>Broomfield CO 80021 |
| Najahe Sherman<br>14915 SW 175th St<br>Miami FL 33187-1831 | | Jack Nadel Inc [Jack Nadel International]<br>Attn: Nicole Burley<br>8701 Bellanca Ave<br>Los Angeles CA 90045 |
| Candace O. Kelley<br>119 E. Maple Ave.<br>Bound Brook NJ 08805 | | Karen A. Wines<br>2400 Byward Ct.<br>Mitchellville MD 20721 |
| Jimmy Marlow V<br>4210 Emerald Bay Dr.<br>Jacksonville FL 32277 | | Ferri Lighting Design & Associates, Inc.<br>Attn: James M. Donohue<br>& Ausley McMullen<br>Post Office Box 391<br>Tallahassee FL 32302 |

| | | |
|---|---|---|
| Terasha King Turner<br>284 Johns Road<br>Huntsville AL 35806 | | Taft Stettinius & Hollister LLP<br>Attn: Michael P. O'Neil<br>One Indiana Square, Suite 3500<br>Indianapolis IN 46204-2023 |
| DSI by Inverleigh Pty Ltd<br>Attn: Peter Wraith<br>71 Thistlethwaite Street South<br>Melbourne VIC 3205 | | Rebecca J. Kavanagh<br>333 Schermerhorn St. Apt 36N<br>Brooklyn NY 11217 |
| The News Project, Inc.<br>Attn: Merrill Brown<br>630 W 246th Street Apt 534<br>Bronx NY 10471 | | Shannon A. LaNier<br>PMB 212 1333 North Ave Ste A<br>New Rochelle NY 10804-2149 |
| Nissan Motor Acceptance Corporation<br>c/o Bonial & Associates, P.C<br>Attn: Natalie Lea PO Box 9013<br>Addison TX 75001 | | Marjorie Wordlaw<br>1270 Fleming St., Apt. 607<br>Granger, IN 46530 |
| Gary C. Wordlaw<br>1270 Fleming St., Apt. 607<br>Granger, IN 46530 | | Nissan Motor Acceptance Corporation<br>c/o Bonial & Associates, P.C<br>Attn: Natalie Lea PO Box 9013<br>Addison TX 75001 |
| Nissan Motor Acceptance Corporation<br>c/o Bonial & Associates, P.C<br>Attn: Natalie Lea PO Box 9013<br>Addison TX 75001 | | MEBAR Realty Holding Trust<br>c/o Morgan, Lewis & Bockius LLP<br>Attn: Jason Alderson 101 Park Avenue<br>New York City NY 10178 |
| Ferri Lighting Design & Associates, Inc.<br>Attn.: Bruce Ferri<br>320 West 49th Street, #3FW<br>New York, NY 10019 | | |
| Larry Ridley Esports<br>Attn: Larry Ridley<br>22 W 15th Street #2<br>Bayonne NJ 07002 | | Washington Workplace, Inc.<br>c/o Offit Kurman, P.A.<br>Attn: Stephen A. Metz, Esq.<br>7501 Wisconsin Avenue, Suite 1000W<br>Bethesda MD 20814 |
| GTT Americas, LLC<br>Attn: Collections/Legal<br>7900 Tysons One Place Suite 1450<br>McLean VA 22102 | | Cellco Partnership d/b/a Verizon<br>Wireless, on behalf of its affiliates and subsidiaries<br>Attn: William M Vermette<br>22001 Loudoun County Pkwy<br>Ashburn VA 20147 |

| | | |
|---|---|---|
| Preston's Genuine Enterprises LLC<br>DBA Fish Window Cleaning of Tallahassee<br>Attn: Michael Preston<br>PO Box 14095<br>Tallahassee FL 32317 | | GfK US MRI, LLC [MRI-Simmons]<br>200 Liberty Street 4th Floor<br>New York NY 10281 |
| Gordon Peppars<br>9038 Dolce Brezza Street<br>Las Vegas, NV 89166 | | Teamwork Media Group International<br>Attn: Gregory B Montgomery, Esq.<br>PO Box 753<br>Lawnside NJ 08045-0753 |
| Simon T Bailey International<br>13506 Summerport Village Pkwy Ste 324<br>Windermere FL 34786 | | Comcast Cable Communications<br>Management, LLC c/o Ballard Spahr LLP<br>Attn: Matthew G. Summers<br>919 N Market St 11th Floor<br>Wilmington DE 19801 |
| Beatnik Investments, LLC<br>c/o Thompson Coburn LLP<br>Attn: Brian W. Hockett<br>One US Bank Plaza Suite 2700<br>St. Louis MO 63101 | | ~~Beatnik Investments, LLC~~<br>~~c/o Thompson Coburn LLP~~<br>~~Attn: Brian W. Hockett~~<br>~~One US Bank Plaza Suite 2700~~<br>~~St. Louis MO 63101~~ |
| Brillante Enterprise, Inc.<br>c/o Frank & Rice, P.A.<br>325 West Park Avenue<br>Tallahassee FL 32301 | | Florida's News Channel, LLC<br>c/o Frank & Rice, P.A.<br>325 West Park Avenue<br>Tallahassee FL 32301 |
| Robert J. Brillante<br>c/o Frank & Rice, P.A.<br>325 West Park Avenue<br>Tallahassee FL 32301 | | Bridget Gales<br>5710 West Centinela Apartment 126<br>Los Angeles CA 90045-8829 |
| King World Media Sales Inc.<br>c/o Paramount Global Attn: Sarah Harp<br>1515 Broadway<br>New York NY 10036 | | CBS News Inc., ABC Inc., Cable News Network, Inc., Fox News Network, LLC, and NBC Unversal Media, LLC c/o Paramount Global<br>Attn: Sarah Harp<br>1515 Broadway<br>New York NY 10036 |
| Radey Thomas Yon & Clark, P.A.<br>d/b/a Radey Law Firm<br>Attn: Brent Johnson<br>301 S. Bronough Street, Suite 200<br>Tallahassee FL 32301 | | Sony Electronics, Inc.<br>Attn: Rick Blazier<br>115 West Century Road Suite 250<br>Paramus NJ 07652 |
| CNN Newsource, Inc.<br>Attn: Ashleigh Landis<br>4000 Warner Blvd. Building B156S Office 5125<br>Burbank CA 91522 | | Thrill of Entertainment, LLC<br>c/o Law Firm of Lawson McKinley<br>3355 Lenox Road NE, Suite 1000<br>Atlanta GA 30326 |

| | | |
|---|---|---|
| Liquid Soul Media LLC<br>Attn: Tirrell D. Whittley<br>1024 Hemphill Avenue Suite B<br>Atlanta GA 30318 | | K2H Inc. d/b/a Husband & Associates<br>4744 State Route 136<br>Greensburg PA 15601 |
| Georgia Department of Revenue<br>1800 Century Blvd NE, Suite 9100<br>Atlanta GA 30345 | | Dennis Baltimore<br>4300 Duke St.<br>Alexandria VA 22304 |
| DC Gov't Office Of Tax And Revenue<br>PO Box 37559<br>Washington DC 20013 | | Florida Department of Revenue<br>c/o Bankruptcy Unit<br>Attn: Fred Rudzik, Esquire<br>PO Box 6668<br>Tallahassee FL 32314-6668 |
| Khrystene N. Coleman<br>312 Doctor Andrews Way Unit B<br>Indian Head MD 20640 | | Ohio Department of Taxation<br>Attn: Bankruptcy Division<br>PO Box 530<br>Columbus OH 43216 |
| MEBAR Realty Holding Trust<br>c/o Morgan, Lewis & Bockius LLP<br>Attn: Jason Alderson 101 Park Avenue<br>New York City NY 10178 | | 2320 KCB, LLC<br>c/o Manausa, Shaw & Minacci, PA<br>Attn: Daniel E Manausa & Joshua W Walters<br>1701 Hermitage Boulevard Suite 100<br>Tallahassee FL 32308 |
| Illinois Department of Revenue<br>c/o Illinois Department of<br>Revenue Bankruptcy Section<br>PO Box 19035<br>Springfield IL 62794-9035 | | Theodore D Walters<br>22922 Hillside Circle<br>Leesburg VA 20175 |
| ~~Jimmy Marlow V~~<br>~~4210 Emerald Bay Dr.~~<br>~~Jacksonville FL 32277~~ | | GN Voiceworks<br>Attn: Gerald A. Nicholson<br>713 Walden Blvd.<br>College Park GA 30349-1035 |
| Sony Electronics Inc.<br>Attn: Rick Blazier<br>115 West Century Road - Suite 250<br>Paramus NJ 07652 | | Comcast Cable Communications<br>Management, LLC<br>c/o Ballard Spahr LLP Attn: Matthew G. Summers<br>919 N Market St 11th Floor<br>Wilmington DE 19801 |
| Thrill of Entertainment LLC [Mike Hill]<br>c/o Law Firm of Lawson McKinley<br>3355 Lenox Road NE, Suite 1000<br>Atlanta GA 30326 | | CenturyLink Communications, LLC<br>(f/k/a Qwest Communications Company, LLC)<br>c/o Centurylink Communications, LLC<br>-Bankruptcyv Attn: Legal-BKY<br>1025 El Dorado Blvd<br>Broomfield CO 80021 |

| | | |
|---|---|---|
| Vyvx LLC, a CenturyLink Company<br>c/o Centurylink Communications, LLC<br>-Bankruptcy Attn: Legal-BKY<br>1025 El Dorado Blvd<br>Broomfield CO 80021 | | Marcus A. Clifton<br>7003 Copper Sky Court<br>Upper Marlboro MD 20772 |
| The News Project, Inc.<br>c/o Bruner Wright, P.A.<br>Attn: Byron Wright III1<br>2810 Remington Green Circle<br>Tallahassee FL 32308 | | ~~Jimmy Marlow V~~<br>~~4210 Emerald Bay Dr.~~<br>~~Jacksonville FL 32277~~ |
| Department of Treasury - Internal<br>Revenue Service<br>PO Box 7346<br>Philadelphia PA 19101-7346 | | Department of Treasury - Internal<br>Revenue Service<br>City View Plaza II Insolvency<br>48 Carr 165 Suite #2000<br>Guaynabo PR 00968-8000 |
| Hartford Fire Insurance Company<br>Bankruptcy Unit, HO2-R, Home Office<br>Hartford CT 06155 | | Florida Department of Revenue<br>c/o Bankruptcy Unit<br>Attn: Fred Rudzik, Esquire<br>PO Box 6668<br>Tallahassee FL 32314-6668 |
| ~~Joshua Cobb~~<br>~~2400 Elliot Ave Apt. 418~~<br>~~Minneapolis MN 55404~~ | | CDW Logistics, Inc.<br>200 N. Milwaukee Ave.<br>Vernon Hills IL 60061 |
| ADL IT Solutions, Inc.<br>14 Cortland Dr.<br>East Brunswick NJ 08816 | | Mannheim Security Solutions LLC<br>480 Brooke Hampton Drive<br>Tallahassee FL 32311-480 |
| Elmire Jafari<br>1301 Wedgewood Manor Way<br>Reston VA 20194 | | Laverne McGee<br>11419 Camden Park Drive<br>Windermere FL 34786 |
| Bradford Capital Holdings, LP [As<br>Assignee of Wildmoka]<br>Attn.: Brian L. Brager<br>P.O. Box 4353<br>Clifton NJ 07012 | | ~~Bradford Capital Holdings, LP~~<br>~~P.O. Box 4353~~<br>~~Clifton NJ 07012~~ |
| Aisha Mills<br>217 Liberty St., #1595<br>Newburgh NY 12551 | | Theodore D. Walters, III<br>22922 Hillside Circle<br>Leesburg VA 20175 |

| | | |
|---|---|---|
| Terrence Nelson<br>5437 Cynthia Terrace<br>Baltimore MD 21206 | | James P. Capp<br>1507 15th Ave. SE<br>Decatur AL 35601-5141 |
| Multimedia Graphic Network, Inc.<br>2533 S. Coast Hwy. 101, #260<br>Cardiff by the Sea CA 92007 | | Vela Research, LP<br>Attn.: Accounts Receivable<br>13577 Feather Sound Drive Suite 550<br>Clearwater FL 33762 |
| Armon Lee<br>2350 Phillips Road Apt. 5201<br>Tallahassee FL 32308 | | Kenneth Williams<br>427 Nichol Mill Lane Apt. 172<br>Franklin TN 06457 |
| Eliza Gill<br>5174 Brawner Place<br>Alexandria VA 22304 | | Vickie Diane Burns<br>865 UN Plaza Apt. 12C<br>New York NY 10017 |
| ~~Denise M. Royal~~<br>~~315 E. Royal Cove Cir.~~<br>~~Fort Lauderdale FL 33325~~ | | Armon Lee<br>674 Ocean Ave. Apt. 108<br>Revere MA 02151 |
| VizRT, Inc.<br>Attn: Kale Harris<br>5131 Beckwith Blvd.<br>San Antonio TX 78249 | | Michael Listorti<br>35 Prospect St.<br>Milford CT 06460 |
| SpringServe, Inc.<br>Credit Department<br>6080 Center Drive, 4th Floor/<br>Suite 400<br>Los Angeles CA 90045 | | HYC Ruiz (Henry F. Ruiz)<br>Attn.: Nathalie D. Lopez, Esq.<br>1260 N. Hancock Street, Suite 104E<br>Anaheim Hills CA 92807 |
| Liquid Soul Media LLC<br>1024 Hemphill Ave. Suite B<br>Atlanta GA 30318 | | Dolan Media Management Corp.<br>3 N. Court Street<br>Frederick MD 21701 |
| Asheley A. Benain<br>2950 Brannan Rd. SW<br>Snellville GA 30039 | | Joshua Eure<br>1717 E. Capitol St. SE #445<br>Washington DC 20003 |

| | | |
|---|---|---|
| Hebert Medical Consulting, Inc.<br>840 Carondelet St Suite 504<br>New Orleans LA 70130 | | DSI by Inverleigh Pty Ltd<br>Attn: Peter Wraith<br>71 Thistlethwaite Street<br>South Melbourne Australia 3205 |
| Pamela Wessmann<br>3909 O'Bryant Circle<br>Smyrna GA 30082-3906 | | Michael V. Heard<br>5600 Rutland Tr.<br>Lithonia GA 30058 |
| Jason Boyer<br>973 Harwell St, NW<br>Atlanta GA 30314 | | ~~Eliza Gill~~<br>~~5174 Brawner Place~~<br>~~Alexandria VA 22304~~ |
| Tadiwos A. Abedje<br>4123 Century Ct.<br>Alexandria VA 22312-4123 | | Howard M. Dorsey<br>2000 Merchants Row Blvd.<br>Tallahassee FL 32311-4708 |
| Phillip Hendrix<br>23580 Stonehenge Blvd.<br>Novi MI 48375-2358 | | Sony Electronics, Inc.<br>Attn.: Rick Blazier<br>115 West Century Road Suite 250<br>Paramus NJ 07652 |
| Cesar Aldama<br>111 Vivian Lane<br>Peachtree City GA 30269 | | Star Media Enterprises, Inc.<br>1080 Belcher Rd<br>Dunedin FL 34698 |
| Thomas Stathakes<br>116 Revellie Road<br>Chesterbrook PA 19087 | | Michelle Ann-Monique Brown<br>11235 SW 240th Street<br>Homestead FL 33032 |
| Wayspire LLC<br>1541 Airport Dr.<br>Tallahassee FL 32304 | | ~~Wayspire LLC~~<br>~~1541 Airport Dr.~~<br>~~Tallahassee FL 32304~~ |
| Estate of Jose M. Garcia<br>c/o Tracy L. Garcia<br>P.O. Box 1034<br>Jackson Hole WY 83001 | | Yodit Tewolde<br>1309 Main St. #208<br>Dallas TX 75202 |

| | |
|---|---|
| Jennifer Bogus<br>1315 Washington Blvd. Apt. 530<br>Sanford CT 6902 | Jasmin Bryant<br>1113 Washington Ct. Apt. 1<br>Tallahassee FL 32303-1113 |
| Cesar Aldama<br>111 Vivian Lane<br>Peachtree City GA 30269 | Marcel Clarke<br>850 S. Gadsden St. #822<br>Tallahassee FL 32301 |
| Marcel Clarke<br>850 S. Gadsden St. #822<br>Tallahassee FL 32301 | Travia D. Baker<br>15748 SW 49th Ct.<br>Hollywood FL 33027 |
| Norton Rose Fulbright US LLP<br>Attn.: Eric Daucher<br>1301 Avenue of the Americas<br>New York NY 10019-6022 | Mannheim Security Solutions LLC<br>Attn.: Norman K. Rollins, President & CEO<br>480 Brooke Hampton Drive<br>Tallahassee FL 32311 |
| Nayyera Haq<br>3511 Shepherd St.<br>Chevy Chase MD 20815 | Jasmine JD Kearse<br>2074 20th Lane Apt. 4E<br>Brooklyn NY 11214-2074 |
| New York State Department Taxation & Finance<br>Bankruptcy Section<br>P.O. Box 5300<br>Albany NY 12205-0300 | New York State Department Taxation & Finance<br>Bankruptcy Section<br>P.O. Box 5300<br>Albany NY 12205-0300 |
| New York Department of Labor<br>State Campus Bldg.<br>12 Rm 256<br>Albany NY 12240 | Pennsylvania Department of Revenue<br>Bankruptcy Division<br>P.O. Box 280946<br>Harrisburg PA 17128 |
| B Squared Communications, LLC<br>f/s/o Gregory Branch<br>1191 Ocean Ave. Apt #3B<br>Brooklyn NY 11230 | |
| | |

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

In re: Case No. 4:22-bk-40087-KKS

WIND DOWN TV, LLC Chapter 7
(f/k/a Black News Channel, LLC),

Debtor.
_______________________________________/

**ORDER APPROVING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN (I) SHERRY F. CHANCELLOR, AS SUCCESSOR CHAPTER 7 TRUSTEE; AND (II) ENTERTAINMENT STUDIOS NETWORKS, INC., TOGETHER WITH ITS ASSIGNEE, GREATER DISTRIBUTION, LLC [Doc. No. ]**

**THIS MATTER** having come before the Court upon the *Trustee's Motion for Entry of an Order Approving Settlement Agreement Between (I) Sherry F. Chancellor, as Successor Chapter 7 Trustee; and (II) Entertainment Studios Networks, Inc., Together With its Assignee, Greater Distribution, LLC* (the "Motion") [Doc. No. ____], filed by Trustee,[1] seeking entry of an order authorizing and approving the Settlement Agreement between and among the Trustee and Entertainment Studios Networks, Inc., together with its assignee, Greater Distribution LLC (the "Purchaser"). The Court, having considered the Motion and the Settlement Agreement attached thereto as Exhibit B; finding that the relief requested in the Motion is in the best interest of the Debtor's estate, creditors, and all parties in interest; and the Trustee, having represented that the Motion was

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

served upon all interested parties with the Local Rule 2002-2 negative notice legend informing the parties of their opportunity to object within 21 days of the date of service; having noted that no party filed an objection within the time permitted, and the Court, therefore, considers the matter to be unopposed. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED.**

2. The terms of the Settlement Agreement attached to the Motion as Exhibit B is **APPROVED** and each and every provision of the Settlement Agreement is incorporated herein as if fully set forth in this Order.

3. The Parties are directed to comply with the terms of the Settlement Agreement, and the Court reserves jurisdiction to enforce the terms and conditions of the Settlement Agreement.

DONE AND ORDERED on ________________________________.

________________________________
KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

Order prepared by:
Brian G. Rich, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
*Counsel to the Trustee*
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax (850) 561-3013
Email: brich@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Michael J. Niles is directed to serve a copy of this order on interested parties and file a certificate of service within 3 business days of entry of the order.)*

# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

In re:

WIND DOWN TV, LLC
(f/k/a Black News Channel, LLC),

Debtor.

Case No. 4:22-bk-40087-KKS
Chapter 7

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT ("Agreement"), is entered into between Sherry F. Chancellor, in her capacity as successor Chapter 7 Trustee ("Trustee")[1] of the bankruptcy estate of Wind Down TV, LLC (the "Debtor"), in Case No. 22-40087 (the "Bankruptcy Case"), pending in the United States Bankruptcy Court for the Northern District of Florida (the "Court") and Entertainment Studios Networks, Inc., together with its assignee, Greater Distribution, LLC (collectively, the "Purchaser;" the Trustee and the Purchaser are sometimes collectively referred to as the "Parties").

**WHEREAS**, on March 28, 2022 (the "Petition Date"), the Debtor filed a Voluntary Petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"). On December 21, 2022, the Court entered an *Order Granting Debtors' Amended Motion to Convert Its Chapter 11 Case to a Case Under Chapter 7 of the Bankruptcy Code and for Related Relief* [ECF No. 540], thereby converting this case to a case under chapter 7 of the Bankruptcy Code, effective as of December 21, 2022. On December 21, 2022, Mary W. Colón (the "Trustee") was appointed as the chapter 7 Trustee of the Debtor's estate. On July 20, 2026, Sherry F. Chancellor was appointed as successor Trustee (Dkt No. 832).

**WHEREAS**, prior to its bankruptcy filing, the Debtor entered into that certain Asset Purchase Agreement dated June 24, 2022, between Entertainment Studios Networks, Inc. and

[1] On July 20, 2026, the United States Trustee for Region 21, Guy a Van Baalen, filed a *Notice of Appointment of Successor Trustee* appointing Sherry F. Chancellor as the Chapter 7 Trustee in this Bankruptcy Case (DKT No. 832)

Black News Channel, LLC (the "APA"), for the sale of substantially all of the Debtor's assets. On July 20, 2022, the Court entered an order approving the sale (Dkt. No. 369) (the "Sale Order"), and the sale closed thereafter.

**WHEREAS**, pursuant to an *Assignment and Assumption Agreement* dated July 28, 2022, Entertainment Studios Networks, Inc. assigned its rights, interests, and obligations under the APA to Greater Distribution, LLC.

**WHEREAS**, following the closing of the sale, the Debtor's estate collected from third-party account debtors approximately $206,774.89 in accounts receivable attributable to the Debtor's pre-closing operations (the "Purchased A/R"), which funds have been segregated and held in a separate account by the Trustee.

**WHEREAS**, on May 15, 2026, the Trustee's counsel sent a letter to the Purchaser's counsel asserting that the Purchaser waived any entitlement to the Purchased A/R and that the Purchased A/R constitutes property of the Chapter 7 estate to be administered for the benefit of the Debtor's creditors. Purchaser's counsel objected to this conclusion.

**WHEREAS**, to avoid the expense, delay, and uncertainty of litigation, the Parties have engaged in arm's-length settlement negotiations and now desire to fully and finally resolve all disputes between them relating to the Purchased A/R on the terms and conditions set forth herein.

In consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1. **Settlement Amount**: In full and final settlement of all claims relating to the Purchased A/R, and subject to approval of this Agreement by the Bankruptcy Court, the Trustee shall return to the Purchaser a total sum of ONE HUNDRED EIGHTY-ONE THOUSAND SEVEN HUNDRED SEVENTY-FOUR DOLLARS AND EIGHTY-NINE CENTS ($181,774.89) (the "Settlement Payment"), representing the $206,774.89 in Purchased A/R currently held by the estate less $25,000.00 to be retained by the estate ("Retained Funds"), by check or wire transfer, within ten (10) calendar days of the order approving this Agreement by the Bankruptcy Court becoming a Final Order (as defined in Paragraph 5 below). The Purchaser shall have no further claims against the estate with respect to such Retained Funds.

2. **<u>Future Accounts Receivable</u>**: If the Trustee receives any additional post-closing accounts receivable attributable to the Debtor's pre-petition or pre-closing operations in the future, the Trustee shall promptly remit the same to the Purchaser, without further deduction or holdback; provided, however, that the Trustee shall have no affirmative duty to seek out, locate, or collect any such additional accounts receivable.

3. **<u>General Release by the Purchaser</u>**: On the Effective Date (as defined in Paragraph 5 below), the Purchaser shall be deemed to have fully, finally, and forever released, relinquished, discharged, and waived any and all claims, causes of action, costs, damages, expenses, and remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which it has or may have had against the Debtor, the Debtor's bankruptcy estate, the Trustee, and the Trustee's attorneys and accountants, including but not limited to any claims or causes relating to the Purchased A/R, and including any claims for breach of contract, conversion, civil theft, or turnover.

4. **<u>Release of Claims by the Trustee</u>**: On the Effective Date (as defined in Paragraph 5 below), the Trustee, on behalf of the Debtor and the Debtor's bankruptcy estate, shall be deemed to have fully, finally, and forever relinquished, discharged, and waived any and all claims, causes of action, costs, damages, expenses, and remedies, whether now known or unknown, and whether pending or not yet asserted, contingent or non-contingent, liquidated or unliquidated, matured or unmatured, which the Trustee on behalf of the Debtor and the Debtor's bankruptcy estate has or may have had against the Purchaser and its affiliates, including but not limited to any claims or causes relating to the Purchased A/R and the Trustee's May 15, 2026 waiver position.

5. **<u>Conditions Precedent and Effective Date</u>**. This Agreement shall become effective on the date when all of the following have been satisfied (the "Effective Date"): **(a)** This Agreement shall have been executed by the Parties on the signature lines below and **(b)** The Court shall have entered an order approving this Agreement in substantially the form of the proposed order attached hereto as Exhibit A, and such order shall have become a Final Order. As used herein, a "Final Order" means an order or judgment of the Court which has not been reversed, stayed, modified, or amended and: (i) as to which the time to appeal or seek reconsideration or rehearing

thereof has expired; (ii) in the event a motion for reconsideration or rehearing is filed, such motion shall have been denied by an order or judgment of the Court; or (iii) in the event an appeal is filed and pending, such appeal shall have been denied and the time in which to seek further review of the order approving the settlement shall have expired.

7. **Non-Approval**. In the event that this Agreement is not approved by the Court, the Parties shall be returned to the *status quo ante* prior to their entry into this Agreement, and this Agreement shall be deemed null and void.

8. **No Admission**. Nothing contained herein shall be deemed a representation or admission of any fault or liability by either Party to any issue involved in the Bankruptcy Case or for any other purpose whatsoever.

9. **Attorneys' Fees and Costs**. Each Party shall bear its own attorneys' fees and costs incurred in connection with the negotiation and documentation of this Agreement and the Bankruptcy Case. In the event any litigation is necessary to enforce any term or performance of this Agreement, the prevailing party in any such dispute shall be entitled to recover its reasonable attorneys' fees and costs from the other.

10. **Entire Agreement**. This Agreement constitutes the entire agreement of the Parties hereto regarding the subject matter hereof. Each of the Parties acknowledges and agrees that there are no communications or oral understandings contrary, different, or that in any way restrict this Agreement and that all prior agreements or understandings within the scope of the subject matter of this Agreement are superseded in all respects and are null and void upon the execution of this Agreement.

11. **Amendment**. No waiver, modification, or amendment of the terms of this Agreement shall be valid or binding, unless made in writing, signed by each of the Parties, and then only to the extent as set forth in such written waiver, modification, or amendment.

12. **Counterparts**. The Parties may execute this Agreement in counterparts, which shall have the same force and effect as if the Parties had signed the same instrument. Signatures transmitted by facsimile or email shall have the same effect as original signatures.

13. **Retention of Jurisdiction**. Any claim or litigation arising from or in connection with this Agreement or the order approving it shall be exclusively maintained in the Court, and the order approving this Agreement shall expressly provide that the Court shall retain jurisdiction to enforce such order, as well as the terms of this Agreement. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, without regard to its conflict of law principles.

14. **Approval Motion**. The Parties and their counsel shall use diligent efforts to cause the Court to approve this Agreement and to effectuate the settlement on the stated terms and conditions set forth herein.

15. **Neutral Interpretation**. In the event any dispute arises between the Parties with regard to the interpretation of any term of this Agreement, each of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

16. **Advice of Counsel**. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Agreement and that they have read this Agreement and have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect hereof.

17. **Binding Effect**: This Agreement and its terms shall be binding on the Trustee and the Purchaser, along with their respective successors and assigns, including Greater Distribution, LLC as the assignee of Entertainment Studios Networks, Inc. under the APA. The order approving this Agreement shall be binding on the Trustee and the Purchaser, their respective successors and assigns, as well as on all persons and entities that receive actual, negative, or constructive notice of the Trustee's motion to approve this Agreement.

18. **Divisions and Headings**. The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

19. **Recitals**. The Recitals to this Agreement are hereby incorporated herein by this reference.

IN WITNESS HEREOF, the undersigned, being duly authorized, have caused this Agreement to be executed on the dates shown below:

**THE TRUSTEE:**

Dated: August 24, 2026

*S/ Sherry F. Chancellor*, Chapter 7 Trustee
Sherry F. Chancellor, Chapter 7 Trustee for Wind Down TV, LLC Estate

**THE PURCHASER:**

ENTERTAINMENT STUDIOS NETWORKS, INC.

Dated: August 24, 2026

Name: Jeffrey Mayes
Title: EVP, Asst. General Counsel

GREATER DISTRIBUTION, LLC

Dated: August 24, 2026

Name: Jeffrey Mayes
Title: EVP, Asst. General Counsel

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

In re: Case No. 4:22-bk-40087-KKS

WIND DOWN TV, LLC Chapter 7
(f/k/a Black News Channel, LLC),

Debtor.
_______________________________________/

**ORDER APPROVING TRUSTEE'S MOTION FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN (I) SHERRY F. CHANCELLOR, AS SUCCESSOR CHAPTER 7 TRUSTEE; AND (II) ENTERTAINMENT STUDIOS NETWORKS, INC., TOGETHER WITH ITS ASSIGNEE, GREATER DISTRIBUTION, LLC [Doc. No. ]**

**THIS MATTER** having come before the Court upon the *Trustee's Motion for Entry of an Order Approving Settlement Agreement Between (I) Sherry F. Chancellor, as Successor Chapter 7 Trustee; and (II) Entertainment Studios Networks, Inc., Together With its Assignee, Greater Distribution, LLC* (the "Motion") [Doc. No. ____], filed by Trustee,[1] seeking entry of an order authorizing and approving the Settlement Agreement between and among the Trustee and Entertainment Studios Networks, Inc., together with its assignee, Greater Distribution LLC (the "Purchaser"). The Court, having considered the Motion and the Settlement Agreement attached thereto as Exhibit B; finding that the relief requested in the Motion is in the best interest of the Debtor's estate, creditors, and all parties in interest; and the Trustee, having represented that the Motion was

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

served upon all interested parties with the Local Rule 2002-2 negative notice legend informing the parties of their opportunity to object within 21 days of the date of service; having noted that no party filed an objection within the time permitted, and the Court, therefore, considers the matter to be unopposed. Accordingly, it is

**ORDERED** as follows:

1. The Motion is **GRANTED.**

2. The terms of the Settlement Agreement attached to the Motion as Exhibit B is **APPROVED** and each and every provision of the Settlement Agreement is incorporated herein as if fully set forth in this Order.

3. The Parties are directed to comply with the terms of the Settlement Agreement, and the Court reserves jurisdiction to enforce the terms and conditions of the Settlement Agreement.

DONE AND ORDERED on ________________________________.

______________________________
KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

Order prepared by:
Brian G. Rich, Esq.
Michael J. Niles, Esq.
BERGER SINGERMAN LLP
*Counsel to the Trustee*
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
Tel. (850) 561-3010
Fax (850) 561-3013
Email: brich@bergersingerman.com
Email: mniles@bergersingerman.com

*(Attorney Michael J. Niles is directed to serve a copy of this order on interested parties and file a certificate of service within 3 business days of entry of the order.)*